KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
E-Mail: gilchrist@kilpatricktownsend.com
rbricker@kilpatricktownsend.com

Attorneys for Plaintiff
PATAGONIA, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| PATAGONIA, INC.,<br>Plaintiff,<br>v.<br>DAVID GROVES, DBA KALEIDOSCOPE CUSTOM APPAREL AND DESIGN,<br>Defendant. | Case No. 2:17-cv-2601<br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION**<br>**JURY TRIAL DEMAND** |

This lawsuit seeks to stop David Groves, owner and operator of Kaleidoscope Custom Apparel and Design (collectively "Kaleidoscope"), from misusing and trading on Patagonia, Inc.'s ("Patagonia") brand name, reputation, and goodwill. Kaleidoscope has sought a federal trademark registration for "CHATTAGONIA" and is conducting business through its website, www.tshirtschattanooga.com, to offer for sale T-shirts and other products bearing "CHATTAGONIA" branding and logos that mimic Patagonia's famous trademarks and logos. To stop this conduct, Patagonia alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing,

and marketing clothing for more than forty years. Today, Patagonia and the PATAGONIA® brand are famous around the world for innovative designs, quality products, and environmental and corporate responsibility.

2. Kaleidoscope is headquartered at 3001 South Broad Street, Suite 110, Chattanooga, Tennessee 37408. Kaleidoscope is selling T-shirts and screen printing services by which apparel and marketing materials may be customized for consumers.

3. Patagonia's claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).

4. This Court has personal jurisdiction over Kaleidoscope because Kaleidoscope has purposefully availed itself of the privilege of doing business in this district. Patagonia is informed and believes that Kaleidoscope owns and operates an interactive website that is accessible by Internet users in this district and offers its services and products to residents of California and this judicial district. The infringing products that Kaleidoscope advertises and offers, and makes available to purchasers through its website, are capable of being ordered by and shipped to purchasers in California and, Patagonia is informed and believes, Kaleidoscope has made sales in California and this judicial district, and has delivered its products there. In addition, Kaleidoscope has claimed that its online transactional services are powered by SQUARE, a San Francisco company that offers payment and collection services to businesses engaged in e-commerce. Patagonia is informed and believes that Kaleidoscope maintains an account with SQUARE and that proceeds from the infringements challenged by this Complaint are held by SQUARE.

/ / /

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, Patagonia is informed and believes, Kaleidoscope transacts business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The History of Patagonia

6. Yvon Chouinard started Patagonia in the late 1960s to design and sell climbing clothes and other active sportswear. He adopted "PATAGONIA" to differentiate the business from another family business that designed and manufactured climbing gear and tools. Patagonia was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors. Since at least 1973, the PATAGONIA® brand has appeared on a label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline framed by a stormy sky, represented by wavy horizontal lines of color.

7. In the more than forty years since Patagonia's business started, the PATAGONIA brand and the Fitz Roy logo have become one of the most identifiable brands in the world. Patagonia's products now include a range of active sportswear, including products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world. Patagonia also sells PATAGONIA gear and backpacks and food products, and outfits babies and toddlers as well as teens and adults.

8. Over the years, Patagonia has earned accolades for every aspect of its business. Its products have won numerous awards for their technical merit, including most recently, Outside Magazine's Gear of the Year in 2014 and 2015; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013, and 2014; and the Editor's Choice and Top Pick awards from OutdoorGearLab. In 2015, Yvon Chouinard, Patagonia's founder, was inducted into the American Marketing Association Marketing Hall of Fame.

9. Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for twenty years. It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged one percent of sales to grassroots environmental groups to preserve and restore our natural environment, donating more than $78 million. In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same. Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.

**The PATAGONIA Trademark**

10. Patagonia owns numerous registrations for and including the PATAGONIA trademark for a wide ranging assortment of products. Among these are the following U.S. trademark registrations for its PATAGONIA trademark:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and women's clothing – namely, sweaters, rugby shirts, walking shorts, trousers, jackets, mittens, hoods, and rainwear. | 08/1974 |

/ / /

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | 1294523 / Sept. 11, 1984 | Men's, women's, and children's clothing – namely, jackets, pants, vests, gloves, pullovers, cardigans, socks, sweaters, underwear, shirts, shorts, skirts, and belts. | 08/1974-1981 |
| | 1775623 / June 8, 1993 | Luggage, backpacks, and all-purpose sports bags. | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, backpacks, fanny packs, and all-purpose sport bags, footwear, ski bags, and ski gloves. | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting, and leisure activities; providing information in the field of existing and evolving environmental issues. | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; computer services in the nature of on-line information related to the environ-ment and clothing. | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage, and a wide variety of sporting goods and accessories. | 06/1986 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | 1547469 / July 11, 1989 | Men's, women's, and children's clothing – namely, jackets, pants, shirts, sweaters, vests, skirts, underwear tops and bottoms, socks, gloves, mittens, hats, face masks, balaclava, gaiters, and belts. | 08/1981 |
| | 4500490 / Mar. 25, 2014 | Shirts, pants, shorts. | 01/2012 |
| | 1406838 / Aug. 26, 1986 | Clothing – namely, men's, women's, and children's sport shirts and T-shirts. | 06/1985 |

These registrations and applications for the PATAGONIA marks and logos are in full force and effect. Many of the registrations have become incontestable under 15 U.S.C. § 1065. Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."

11. The PATAGONIA trademarks are registered in ninety countries. They are distinctive, arbitrary, and fanciful, and are entitled to the broadest scope of protection.

12. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in print and on the Internet. In addition to advertising by Patagonia, the

PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a variety of shopping and post-sale contexts.

13. Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and in California. Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks. The PATAGONIA word mark and Fitz Roy skyline logo are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Kaleidoscope's Infringement of Patagonia's Trademark Rights**

14. Patagonia is informed and believes that, in approximately 2014, long after the PATAGONIA trademarks became famous, Kaleidoscope started and continues to market and sell a line of products, including T-shirts, caps, beanies, and cards under the brand name CHATTAGONIA and related logos that mimic the PATAGONIA logo trademarks.

15. Kaleidoscope marks its "CHATTAGONIA" products with a ™ symbol and sought a federal trademark registration for the term. It sells "CHATTAGONIA" and imitation PATAGONIA products through its website, including those that appear below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

























16. These CHATTAGONIA designations and the related logos and designs are collectively referred to as the CHATTAGONIA Marks. In addition to the obvious derivation of the CHATTAGONIA Marks from the PATAGONIA marks, Kaleidoscope has further copied the distinctive font in which Patagonia renders its PATAGONIA mark. Compared, even side-by-side, the designs are nearly identical and Kaleidoscope obviously deliberately chose to copy the Fitz Roy logo as well as mimic the trademark.

/ / /

/ / /

/ / /

/ / /







17. Kaleidoscope promotes these products on social media and offers to deliver its products throughout the United States. Although Patagonia had thought Kaleidoscope had subsided in its actual sale of infringing products in response to cease and desist letters, Patagonia recently has learned that Kaleidoscope engages in wholesale distribution of its products, including through L2 Outside, a tour company and apparel retailer. L2 provides paddle board and kayaking trips and gear, all directly related to the goods and services offered by Patagonia.

18. Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Kaleidoscope's further use of the CHATTAGONIA Marks.

19. Patagonia is informed and believes that Kaleidoscope has manufactured, marketed, and sold substantial quantities of products bearing the CHATTAGONIA Marks, and has obtained and continues to profit from such sales.

20. Kaleidoscope's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Kaleidoscope is restrained by this Court, it will continue and/or expand its

/ / /

illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a. Depriving Patagonia of its statutory rights to use and control use of its trademark;

b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c. Causing the public falsely to associate Patagonia with Kaleidoscope and/or its products, or vice versa;

d. Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA Trademarks to differentiate its products from those of its competitors; and

e. Causing Patagonia to lose sales of its genuine PATAGONIA trademarked products.

21. Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Kaleidoscope and all persons acting in concert with it.

**FIRST CLAIM**

**FEDERAL TRADEMARK INFRINGEMENT**

**(15 U.S.C. §§ 1114-1117)**

22. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

23. In connection with its sale, offering for sale, distribution, or advertising of products bearing the CHATTAGONIA Marks, Kaleidoscope has used symbols and logos that infringe upon Patagonia's PATAGONIA trademarks, including the CHATTAGONIA designation itself.

24. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

/ / /

25. As a direct and proximate result of Kaleidoscope's conduct, Patagonia is entitled to recover Kaleidoscope's unlawful profits and Patagonia's damages, and treble the amount of its damages and Kaleidoscope's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

26. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Kaleidoscope to stop use of its CHATTAGONIA trademark.

**SECOND CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(False Designation of Origin and False Description)**

**(15 U.S.C. § 1125(a))**

27. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28. Kaleidoscope's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Kaleidoscope's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

29. As a direct and proximate result of Kaleidoscope's conduct, Patagonia is entitled to recover Kaleidoscope's unlawful profits and Patagonia's damages, and treble the amount of its damages and Kaleidoscope's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

30. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Kaleidoscope to stop use of its CHATTAGONIA Marks.

/ / /

/ / /

/ / /

/ / /

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

31. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint.

32. Patagonia's PATAGONIA trademarks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Kaleidoscope's adoption of the CHATTAGONIA Marks.

33. Kaleidoscope's conduct is likely to cause dilution of Patagonia's PATAGONIA trademarks by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

34. As a direct and proximate result of Kaleidoscope's willful conduct, Patagonia is entitled to recover Kaleidoscope's unlawful profits and Patagonia's damages, and treble the amount of its damages and Kaleidoscope's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

35. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Kaleidoscope to stop use of its CHATTAGONIA Marks

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1. Adjudge that Patagonia's PATAGONIA trademarks have been infringed by Kaleidoscope in violation of Patagonia's rights under 15 U.S.C. § 1114;

2. Adjudge that Kaleidoscope has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

/ / /

/ / /

3. Adjudge that Kaleidoscope's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c);

4. Adjudge that Kaleidoscope and its agents, employees, attorneys, successors, assigns, affiliates, and joint ventures, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through, or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble Patagonia's PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the CHATTAGONIA Marks or any other approximation of Patagonia's PATAGONIA trademarks;

b. Using any word, term, name, symbol, device, or combination thereof, including CHATTAGONIA, that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Kaleidoscope or its products with Patagonia or as to the origin of Kaleidoscope's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademarks;

c. Further infringing the rights of Patagonia in and to its PATAGONIA® trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

d. Further diluting the famous PATAGONIA trademarks;

e. Otherwise competing unfairly with Patagonia in any manner; and

/ / /

f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that Kaleidoscope, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

6. Adjudge that Patagonia recover from Kaleidoscope its damages and lost profits, and Kaleidoscope's profits, in an amount to be proven at trial;

7. Adjudge that Kaleidoscope be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Kaleidoscope's profits and (2) all damages sustained by Patagonia under 15 U.S.C. § 1117, plus prejudgment interest;

8. Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

9. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

10. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED: April 5, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Ryan Bricker*
GREGORY S. GILCHRIST
RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

**DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

DATED: April 5, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Ryan Bricker*
GREGORY S. GILCHRIST
RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

69263618V.1